<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 9, 2021

Paul Condon, Esq.
Law Office of Paul Condon, Esq.
471 Central Avenue
Jersey City, NJ 07307
*Counsel for Defendant*

David Malagold, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:** *United States v. Arsenio Arzola*
**Criminal Action No. 06-569-1 (SDW)**

Counsel:

Before this Court is Defendant Arsenio Arzola's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 273.) This Court having considered the parties' submissions, and for the reasons stated below, denies Defendant's motion.

### <u>DISCUSSION</u>

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). Accordingly, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons (BOP)] to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On October 26, 2007, a jury found Defendant guilty of (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, (2) possession of a firearm by a convicted felon, and (3) possession of a firearm in furtherance of a drug trafficking offense, in violation of 21 U.S.C. § 846, 18 U.S.C. § 922(g), and 18 U.S.C. § 924(c), respectively. (*See* D.E. 118.) On July 24, 2008, this Court sentenced Defendant to 382 months of imprisonment. (*See* D.E. 145, 151.) While incarcerated in Federal Correctional Institute, Elkton in Lisbon, Ohio ("FCI Elkton"), Defendant requested a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (D.E. 238.) This Court granted Defendant's request on January 18, 2017, and reduced his sentence to 360 months of imprisonment. (D.E. 239.)

Around April 2020, Defendant filed a request with the warden of FCI Elkton for compassionate release, citing concerns about COVID-19 infection rates in the prison. (*See* D.E. 273 at 2; D.E. 290 at 1, 17–18.) The BOP denied Defendant's request on April 23, 2020, finding his "legitimate concerns and fears about the spread and effects of the virus" insufficient to warrant early release. (D.E. 259 at 2.) Separately, on April 6, 2020, Defendant moved *pro se* in this Court

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

2

for compassionate release under the FSA. (D.E. 255.)[2] Defendant's public defender filed a supplemental motion for compassionate release on December 16, 2020, and his Court-appointed attorney filed supplemental briefs on March 23 and May 5, 2021. (D.E. 273, 285, 288.) The Government filed its opposition brief on June 9, 2021, and Defendant's attorney filed a reply on July 12, 2021. (D.E. 290, 291.)

Notably, around June 24, 2020, Defendant tested positive for COVID-19 and recovered with only abdominal discomfort and no serious complications. (D.E. 288 at 2, Ex. A; *see* D.E. 290 at 5.) On May 12, 2021, Defendant received his first dose of the Moderna COVID-19 vaccine, (D.E. 290 at 5), and this Court presumes he is fully vaccinated at present.

C.

Defendant moves for compassionate release on the bases of (1) legislative changes to enhanced sentencing provisions, (2) the COVID-19 pandemic, and (3) his rehabilitation. (*See generally* D.E. 273, 285, 288.) For the reasons discussed below, this Court does not find that Defendant has established compelling and extraordinary reasons justifying his release.

Section 401 of the FSA changed enhanced penalties for recidivist drug offenders by reducing certain mandatory minimum sentences and narrowing the class of drug convictions eligible for enhanced penalties. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat 5194, 5220–21 (2018); 21 U.S.C. § 841(b)(1)(A). The parties agree that, under the new law, the recidivist enhancements to Defendant's sentence would not have applied. (*See* D.E. 285 at 2–3; D.E. 290 at 13–14.) Defendant argues, however, that although he was sentenced before these changes went into effect on December 21, 2018, they constitute an extraordinary and compelling reason for his release. (*See* D.E. 285 at 2–3.) Notably, Defendant did not raise this issue in his administrative request for release. (*See* D.E. 290 at 13, 17–18.)

Even assuming that Defendant's argument regarding legislative changes meets the FSA's administrative exhaustion requirement, it still fails on the merits. The changes to the law apply retroactively only to certain classes of crack cocaine offenses and do not apply retroactively to Defendant's cocaine conviction. *See* First Step Act § 404; *see also United States v. Bryant*, 991 F.3d 452, 456–57 (2d Cir. 2021); *United States v. Mainor*, Crim. No. 06-140-1, 2019 WL 3425063, at *3 (E.D. Pa. July 30, 2019) (holding that the defendant's sentence was "ineligible for reduction under the First Step Act" because his twenty-year mandatory minimum sentence was for "powder cocaine offenses"), *aff'd*, 822 F. App'x 158 (3d Cir. 2020). Retroactivity is a decision left to Congress, *see Dorsey v. United States*, 567 U.S. 260, 274 (2012), and Congress elected not to retroactively reduce Defendant's sentence. That Defendant is serving a longer sentence than he would if he were sentenced today is ordinary and not "extraordinary." *See United States v. Mathis*, Crim. No. 02-891, 2020 WL 6784136, at *2 (E.D.N.Y. Nov. 18, 2020) ("[G]iven that numerous defendants remain incarcerated on sentences that may have been shorter if they had been sentenced [under current law], I do not find this reason so extraordinary and compelling as to warrant a sentence reduction on its own.").

---

[2] Defendant appears to have "retract[ed]" his *pro se* motion, (D.E. 256 at 1 (capitalization omitted)), and subsequently filed additional letters reinstating and/or supplementing his motion for compassionate release, (D.E. 257, 259, 261).

With respect to Defendant's COVID-19 concerns, although this Court is sympathetic, these concerns do not rise to the level of "compelling and extraordinary." *See Raia*, 954 F.3d at 597 (3d Cir. 2020) (noting that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Defendant has already been infected with COVID-19 and recovered without complications. (D.E. 288 at 2, Ex. A; *see* D.E. 290 at 5.) In such situations, courts in this District routinely deny compassionate release. *See, e.g.*, *United States v. Young*, Crim. No. 17-413, 2021 WL 1961303, at *3 (D.N.J. May 17, 2021); *United States v. Corbett*, Crim. No. 19-48, 2021 WL 1345875, at *3 (D.N.J. Apr. 12, 2021); *United States v. Warner*, Crim. No. 13-782, 2021 WL 71588, at *3–4 (D.N.J. Jan. 8, 2021).

Moreover, Defendant has received at least the first dose of Moderna's COVID-19 vaccine. (D.E. 290 at 5.) Thus, there is an "extremely small" likelihood that Defendant "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see United States v. Singh*, Crim. No. 28-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying defendant's application for compassionate release because Moderna's vaccine "data demonstrates to the Court that, as a result of his vaccination, [defendant] now has significant protection against serious illness or death should he contract COVID-19"); *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (finding inmate's concerns about the COVID-19 pandemic insufficient for compassionate release because "the [BOP] provided the first of two vaccination shots several weeks ago and no one suggests delay in the second shot").

Even if Defendant were unvaccinated and had not already recovered well from COVID-19, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. Defendant unlawfully possessed a firearm and fired at law enforcement officers as they attempted to execute search and arrest warrants at his home. (*See* D.E. 118; D.E. 290 at 2.) While this Court commends Defendant for his model behavior and the educational and vocational accomplishments he has attained in prison, (*see* D.E. 288 at 3; D.E. 291 at 2–3), this Court already reduced Defendant's sentence from 382 to 360 months, (D.E. 239), and a further reduction would not "reflect the seriousness of the offense" or "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). This Court will therefore deny Defendant's motion.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties