<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARSENIO ARZOLA, *et al.*,<br><br>                  Defendants. | Criminal Action No. 06-569 (SDW)<br><br>**WHEREAS OPINION**<br><br>October 24, 2024 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon Defendant Arsenio Arzola's ("Defendant") motion for reconsideration (D.E. 298 ("Motion")) filed *pro se* on January 31, 2022, and supplemented on February 9, 2022 (D.E. 299) and July 12, 2022 (D.E. 300), and this Court having reviewed Defendants' submissions; and

    **WHEREAS** on August 9, 2021, this Court denied Defendant's motion for compassionate release. (D.E. 292, 293.) Defendant appealed that denial on August 24, 2021. (D.E. 294.) The United States Court of Appeals for the Third Circuit affirmed on January 6, 2022 (D.E. 296, 310); and

    **WHEREAS** "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948). The instant Motion seeks reconsideration of this Court's August 9, 2021 denial of the motion for compassionate release—the same ruling that Defendant unsuccessfully appealed. (*See* D.E. 296, 298). The instant Motion was filed after the Court of Appeals issued its final judgment and alleges no circumstances not previously known. Granting the Motion would deviate from the Court of

Appeals' mandate, which this Court is not authorized to do. The Motion therefore must be denied; and

**WHEREAS** this outcome would not change even if this Court could consider the Motion. Motions for reconsideration are "extremely limited procedural vehicle(s)" and granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Brackett v. Ashcroft*, No. CIV. 03-3988(WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)). They must "set[] forth concisely the matter or controlling decisions which the party believes the … Judge has overlooked," L. Civ. R. 7.1(i), and show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). This Motion has not done so. It is based on the COVID-19 pandemic and characteristics of the defendant. Those issues were also the focus of the motion for compassionate release, and both this Court and the Court of Appeals considered them in connection therewith. (*See, e.g.*, D.E. 310 at 2–3; D.E. 292 at 2–4.) The Motion identifies no changes in law, new evidence, or error in need of correction; therefore

The Motion for Reconsideration is **DENIED**. An appropriate order follows.

        /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:     Parties